UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _RLeS_ D.C.

SEP 0 4 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

MIAMI-CIVIL DIVISION
CASE NO.

# 09-22636

ALIX DUVAL,

Plaintiff,

vs.

*CIV-UNGARO*

LAW OFFICES OF ANDREU, PALMA & ANDREU, PL
formerly known as LAW OFFICES OF ANDREU & PALMA, PL;
JORGE L. PALMA, and JUAN G. ANDREU,

Defendants.

*MAGISTRATE JUDGE
SIMONTON*

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ALIX DUVAL, through undersigned counsel, sues the Defendants, LAW OFFICES OF

ANDREU, PALMA & ANDREU, PL formerly known as LAW OFFICES OF ANDREU & PALMA,

PL (hereinafter "LAW OFFICES"), JORGE L. PALMA ("PALMA"), and JUAN G. ANDREU

("ANDREU"), and as grounds thereof states:

1.     This is an action arising from violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as amended, Chapter 559 of Florida Consumer

Collection Practices Act, wrongful writ of garnishment, and seeks to secure recovery of

damages, declaratory/injunctive and other equitable relief against the Defendants for

engaging in false, misleading, unfair or deceptive acts or practices.

## JURISDICTION, VENUE & PARTIES

2.    This Honorable Court has subject matter jurisdiction over the action pursuant to 15 U.S.C. §§ 1692k, 28 U.S.C. §§ 1331, and 1337(a).

3.    Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § § 1391(b) and (c).

4.    Defendant LAW OFFICE is a professional limited liability company consisting of lawyers that maintains its principle place of business in Miami-Dade County Florida, and transacts or has transacted business in this District, and the principal purpose of which is the collection of any debts or is an entity who regularly collects or attempts to collect debts owed or due another.

5.    At all times material hereto, and upon information and/or belief, Defendant PALMA was an attorney and a managing/controlling member of the LAW OFFICE who materially participated, regularly was involved in the day-to-day operation, oversaw, directed, controlled, dictated and/or supervised the debt collection activity, policy and practice of the firm (i.e., the LAW OFFICE).

6.    At all times material hereto, and upon information and/or belief, Defendant ANDREU was an attorney and a managing/controlling member of the LAW OFFICE who materially participated, regularly was involved in the day-to-day operation, oversaw, directed, controlled, dictated and/or supervised the debt collection activity, policy and practice of the firm.

7.    All of the Defendants named herein are "debt collector(s)" as defined in the above-cited applicable laws.

8. Plaintiff, sui juris, is a Florida resident and a "consumer"/"debtor" as defined in the above-cited applicable laws.

## PARTICULARS

9. On or about August 20, 2007, the LAW OFFICE through Defendant PALMA filed a civil suit on behalf of Cach, LLC against Mr. Duval in the County Court of the Eleventh Judicial Circuit, in and for Miami-Dade County Florida. (See Exhibit "A")

10. The principal amount sought in the suit by Cach, LLC, was $2,390.46.

11. Although the complaint sought attorney's fees, the attachment to the complaint which the debt was premised on did not actually attach a document that specifically authorized the recovery of attorney's fees in conjunction with the claim asserted.

12. In September of 2007 upon receipt of the complaint, Mr. Duval promptly contacted the LAW OFFICE and spoke to the co-Defendants to address the matter.

13. Mr. Duval specifically advised the Defendants that he is a disabled veteran whose essential source of limited income is social security and disability benefits.

14. Mr. Duval negotiated a resolution to the matter for a total sum of $2,700 and given his limited financial means agreed to the debiting of up to $200 a month from his bank account to satisfy the alleged amount owed.

15. The Defendants were specifically told that all the funds coming into the account were social security and disability benefits and to please make sure that no more than $200/month is taken out as Mr. Duval (who is married with children) would not otherwise be able to meet his other obligations.

16. As a result of the agreement and representations made to Mr. Duval about no longer

3

needing to tend to the lawsuit, no attendance was made at any pretrial conference by Mr. Duval.

17.   Consistent with the parties' understanding, starting on October 2007 and continuing thereafter until November 2008, the LAW OFFICE f withdrew a total of $2,700 from Mr. Duval's bank account (– i.e., by October of 2008 the LAW OFFICE had withdrawn the full agreed to amount (which fully covered the amount claimed to be owed), and by its November withdrawal it had thus withdrawn $310 over the debt claimed in the complaint).

18.   On or about September 2008 (i.e., two months before it had even received the last payment as had been agreed to), the LAW OFFICE through the two Co-Defendants, without notice or a hearing, surreptitiously and apparently through fraud and/or false representations apparently submitted an *ex parte* proposed Default Final Judgment to the state court for execution along with an Affidavit of Proof & Non-Military from Cach, LLC- (See Exhibit "B")

19.   The state court, naturally being unaware of the matter or the true facts, and as a result of the dishonest, fraudulent, deceitful and/or false representations by the Defendants, unwittingly entered the *ex parte* Default Final Judgment on September 25, 2008 for the sum of $2,390.46 in damages along with $750 in attorney's fees. (Please see Exhibit "C') .

20.   Despite the unknown judgment, and consistent with the agreement, Mr. Duval allowed   two more payments to be withdrawn from his account following the September 2008 Default Final Judgment (one for the October payment and the other

4

for the November payment) .

21. At no point did the Defendants disclose the true facts to the state court or attempt to voluntarily vacate the highly improper Default Final Judgment.

22. Although the Default Final Judgment even listed Mr. Duval as being allegedly copied with the Default Final Judgment, the Defendants never in fact sent him a copy of same.

23. The Defendants instead contacted Mr. Duval sometimes later and claimed that he was a judgment debtor and he was obligated to again pay the amount owed – i.e., that the Defendants were allegedly now entitled to double recovery in light of Mr. Duval's judgment debtor status.

24. When Mr. Duval inquired how this was possible in light of the agreement and his payments, the Defendants falsely claimed that (i.e., double recovery) allegedly was the law and that they would be entitled to pursue post-judgment action against him if he did not continue to once again pay the same amount all over again.

25. In fact and remarkably, despite having been fully paid, and despite knowing that Mr. Duval's essential source of income was exempt property (i.e., social security and veteran's benefits), on or about May 2009 the Defendants maliciously filed a motion for writ of garnishment directed at Defendant's bank (the very bank where he received his disability benefits– which are exempt from garnishment). (See Exhibit "D")

26. In their Motion for Writ of Garnishment, the LAW OFFICE through Defendant PALMA deceptively, unfairly and fraudulently represented that the sum of $3,748.64 was due and that allegedly no payment "since the date of judgment, September 25,

2008" had been received. As noted above, however, aside from having been paid $2,500 by the time of the judgment, the Defendants in fact received two more payments "since the date of [the September 25, 2008] judgment."

27.   The same Motion for Writ of Garnishment outrageously and falsely also claimed that said sum impliedly fully remains unpaid thereby entitling the Defendants' client to a writ of garnishment for a sum of $3,748.64.

28.   Based upon the additional false, misleading, unfair and deceptive acts and representations of the Defendants, they managed to in fact obtain a writ of garnishment dated May 13, 2009 for $3,748.64 directed against an account at Sun Trust bank which they fully knew consisted of exempt social security and disability benefits. (See Exhibit "E")

29.   Mr. Duval only learned of the matter when he encountered difficulty withdrawing funds to pay for such things as food, etc.

30.   When he contacted his bank to find out about the problem he was told that his account had all been garnished and thus the funds were frozen and he would not have any access to them.

31.   After learning that the Defendants were the cause of the account being garnished, Mr. Duval called and spoke to the Defendants and not only again explained to them his bewilderment over the right to recover twice for the same alleged debt, but that the funds garnished were all social security and disability benefits and he desperately needed the funds as he could not otherwise pay for rent, other obligations, or even food for himself and his family.

32. Defendant PALMA in response told Mr. Duval that the only way the Defendants would agree to unfreeze the account was for him to agree to have his next social security/veteran's payment be remitted to the Defendants and to another monthly installment payment of $200 to pay the remaining balance of the judgment; the Defendants advised that Mr. Duval by challenging the matter would allegedly only be wasting his time and would have to pay more attorney's fees to the Defendants.

33. Consequently, the Defendants neither withdrew the writ of garnishment nor discontinued with their collection efforts; in fact, they pressed forward with their writ causing Mr. Duval to obtain legal assistance.

34. Given the dire financial dilemma confronted by Mr. Duval (including being told by his landlord of intentions to evict, etc.) Mr. Duval ultimately retained counsel and filed an emergency motion to dissolve/quash the writ of garnishment. (See Exhibit "F")

35. When Mr. Duval's counsel contacted the Defendants requesting that they please immediately voluntarily withdraw the writ as the funds garnished was comprised of exempt property, and to please provide documents relating to the matter, Defendants callously and willfully failed to do either.

36. An emergency hearing to dissolve/quash the writ of garnishment was than set and was attended by Defendant ANDREU who remarkably did not agree to the granting of the Motion; in light of the failure to agree to an order quashing the writ, a ruling was deferred until Mr. Duval submitted his relevant bank statements.

37. Plaintiff thereafter also submitted his relevant bank statements to Defendants reflecting the source of the funds, at which time the Defendants, in order to avoid the obvious (i.e., an order quashing/dissolving the writ), and in light of Mr. Duval's

7

verified motion and bank statements, voluntarily dissolved the writ of garnishment. (See Exhibit "G').

38.    Defendants' conduct and acts were willful, knowing, intentional, in reckless disregard of the law and Plaintiff's rights, malicious and/or outrageous.

39.    As a direct and proximate result of Defendants' outrageous conduct and acts, the Plaintiff suffered both emotional and economic losses; for example, given the freezing of Plaintiff's bank account, he was threatened with eviction (i.e., fear of being thrown in the street) for inability to pay his rent, unable to timely meet his other financial obligations resulting in charges/fees, and did not have resources to obtain basic necessities– which caused great grief, embarrassment, humiliation, anguish, and emotional upset.

40.    The Plaintiff has retained the undersigned counsel and is entitled to recovery of his reasonable attorney's fees in prosecution of this action.

## COUNT I

## <u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

41.     Plaintiff incorporates by reference Paragraphs 1-40.

42.     The FDCPA was enacted to "eliminate" a number of activities and conduct on the part of debt collectors such as " abusive debt collection practices by debt collectors ... and ... to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To that end, the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The Act, *inter alia,* also states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and "may not use unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

43.     The Plaintiff has been the object of collection activity arising from consumer debt.

44.     The Defendants are debt collectors as defined by FDCPA.

45.     The Defendants engaged in numerous acts or omissions prohibited by the FDCPA., including, but not limited to:

    (a)     engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

    (b)     using false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of Section 1692e.

    (c)     making false representation of— (i) the character, amount, or legal status of any debt; or (ii) any services rendered or compensation which may be lawfully

received by any debt collector for the collection of a debt in violation of Section 1692e(2)(A) & (B);

(d) making the representation or implication that nonpayment of any debt will result in the garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of Section 1692e(4);

(e) threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of Section 1692e(5);

(f) using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of Section 1692e(10);

(g) using unfair or unconscionable means to collect or attempt to collect any debt in violation of Section 1692f;

(h) attempting to collect an amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of Section 1692f(1);

(i) failing to comply with FLSA's general guidelines and otherwise engaging in conduct described as abusive, deceptive, and unfair debt collection practices in violation of 15 U.S.C. § 1692.

WHEREFORE Plaintiff demands judgment for damages against Defendants, jointly and severally, for actual, compensatory and statutory (an additional $1,000) damages, equitable relief (including injunction/declaratory relief), costs of suit and attorney's fees pursuant 15 U.S.C. §1692k, and such other relief as the Court deems just and proper.

## COUNT II

## **FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION**

46.     Plaintiff reavers and realleges herein Paragraphs 1-40 of the Complaint.

47.     Defendants' intentional and wrongful conduct was in violation of Section 559.72(6) which prohibits any person from disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact, and thereafter failing to properly reveal the details of the dispute to each person to whom the disclosure of the debt was made to;

48.     Defendants' intentional and wrongful conduct was also in violation of Section 559.72(7) which prohibits willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

49.     Defendants' intentional and wrongful conduct was also prohibited by Section 559.72(9), Florida Statutes whereby Defendants intentionally made a claim, attempted, or threatened to enforce a debt when Defendants knew that the debt was not legitimate or asserted the existence of some other legal right when Defendants knew that the right did not exist.

50.     Defendants' use of false representations or deceptive means to collect a debt was generally prohibited by Section 559.72.

51.     Pursuant to §559.77, Florida Statutes, the Defendants are liable, inter alia, for actual, compensatory and punitive damages, for an additional $1,000.00 in statutory damages, together with court costs and reasonable attorney's fees incurred by the Plaintiff.

WHEREFORE Plaintiff demands judgment for damages against Defendants, jointly and severally, for actual, compensatory, punitive and statutory (an additional $1,000) damages, equitable relief (including injunction), costs of suit and attorney's fees pursuant § 559.77, Fla. Stat., and such other relief as the Court deems just and proper.

## COUNT III
## WRONGFUL WRIT OF GARNISHMENT

52.    Plaintiff reavers and realleges herein Paragraphs 1-40 of the Complaint.

53.    The Defendants, with wrongful or improper motive, commenced or continued a writ of garnishment proceeding through which exempt property of the Plaintiff were knowingly and wrongfully attached and Plaintiff deprived of the use thereof.

54.    The Defendants were the legal cause of the commencement or continuation of the writ of garnishment proceeding against Mr. Duval.

55.    The garnishment proceeding resulted in a bona fide termination in favor of Mr. Duval

56.    There was an absence of probable cause for such proceeding as not only did the Defendants know that Mr. Duval had previously fully paid the purported debt through the monthly withdrawal of payment from his bank account, but also were well aware that the funds came from social security and veteran's disability benefits.

57.    In light of not only the payment but the exempt status of the funds, there was an absence of probable cause for such proceeding against the bank account.

58.    The garnishment proceeding was undertaken with legal malice.

59.    As a direct and proximate result of Defendants' wrongful writ of garnishment proceeding, Mr. Duval was damaged as referenced above as well as having to incur attorney's fees to challenge and dissolve the writ.

WHEREFORE Plaintiff demands judgment for damages against Defendants, jointly and severally, for actual, compensatory, punitive, and such other relief as the Court deems just and proper.

SINA NEGAHBANI, ESQ.
Counsel for Plaintiff
P.O. Box 566055
Miami, Florida 33256
Tel: 305-595-9078
Fax: 305-595-9079

By:_____
          Sina Negahbani
          F.B.N. 972673

# EXHIBIT A

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:  **07-14737** SP 05 (*04*)

**FILED**

**AUG 2 0 2007**

**HARVEY RUVIN**
CLERK

CACH, LLC,

       Plaintiff,

vs.

      COMPLAINT FOR DAMAGES
      ATTORNEY BAR NO: 0597708

ALIX DUVAL ,

155
HSS
R#3658
PS.

      Defendant(s)

_____/

ROLANDO GRANEL

    COMES NOW the Plaintiff, CACH, LLC, by and through its undersigned counsel and
sue(s) the Defendant(s), ALIX DUVAL  and states as follows:

## GENERAL ALLEGATIONS

1.  This is an action for the damages that is within the jurisdiction limits of this Court.

2.  Defendant(s) is/are resident(s) of this County.

3.  In the event this matter is resolved by way of default a reasonable attorney's fee
    would be $750.00.

### COUNT I (Contract –Credit Card)

Plaintiff realleges paragraphs 1 through 3 above further states:

4.  Plaintiff through its assignor, at Defendant's special instance and request issued a
    HOUSEHOLD BANK finance agreement, Account #0014101044293363 to the
    Defendant(s).  (See Exhibit "A" attached hereto).

5.  Defendant(s), by execution of the application and/or by use of the funds provided
    byHOUSEHOLD BANK, have accepted the terms and conditions of the finance
    agreement.  (See Exhibit "B" attached hereto).

6.  The Defendant(s) has breached the Agreement by failing to comply with the terms of
    the Agreement.

7.  Defendant(s) caused various charges to be made through the use of the funds
    provided through the finance agreement.

8. Defendant(s) did not object to the statement.

9. Defendant(s) owe Plaintiff the sum of $2,390.46 that is due with interest.

10. Defendant's last payment on Account#0014101044293363 was on October 23, 2006.

11. Plaintiff has made demand upon Defendant(s) for payment.

12. Defendant(s) has/have failed and refused to pay the sum due and owing to the Plaintiff.

13. All conditions precedent to the bringing of this action have occurred.

14. Plaintiff is obligated to pay the undersigned a reasonable fee for which Defendant(s) is/are liable pursuant to the cardholder agreement.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant(s), ALIX DUVAL in the amount due of $2,390.46, together with interest, court costs, reasonable attorney's fees and any other relief this court may deem just an proper.

## COUNT II (Account Stated)

Plaintiff realleges paragraphs 1 through 3 above and further states that:

15. The Defendant(s) requested an account, which is owned by the Plaintiff, and the finance agreement was sent to the Defendant.

16. Before the institution of this action Plaintiff and Defendant(s) had business transactions between them and they agreed to the resulting balance.

17. Plaintiff rendered a Statement of it to Defendant(s) and the Defendant(s) did not object to the statement.

18. Defendant(s) owes Plaintiff $2,390.46, that is due with interest.

WHEREFORE, Plaintiff demands judgment in its favor and against the Defendant(s) ALIX DUVAL in the sum of $2,390.46, together with interest, court costs, reasonable attorney fees and any other relief which this Court may deem just and proper.

## COUNT III

Plaintiff realleges paragraphs 1 through 3 above and further states that:

19. The Defendant(s) received a financial benefit, which was in fact appreciated by the Defendant(s).

20. The Defendant(s) accepted the benefits.

21. By virtue of the circumstances surrounding the use of the funds received, the Defendant(s) knowingly requested the funds in issue and/or knowingly and voluntarily accepted the benefits bestowed.

22. It would be inequitable for this court to allow the Defendant(s) to retain the benefits or to be unjustly enriched at the expense of the Plaintiff or allow the Defendant(s) to retain value of the funds in issue without repaying the Plaintiff the value of same.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant(s), ALIX DUVAL , in the amount due of $2,390.46, together with interest, court costs, reasonable attorney's fees and any other relief this court may deem just and proper.

Law Offices of Andreu & Palma, LLP
Attorneys for Plaintiff
701 SW 27th Avenue, Ste. 900
Miami, FL 33135
(305) 631-0175

By:_____
Jorge L. Palma, Esq.

07-04151

# YOUR 3-MINUTE APPLICATION
## ROOMS TO GO EXPRESS CREDIT

A married person may apply for individual credit. I am applying for (check one box, please):

☐ JOINT CREDIT with another person. Complete entire application.
☐ INDIVIDUAL CREDIT. Complete only individual section.
☐ INDIVIDUAL CREDIT, but rely on income of another. Complete entire application.
*The other person should also sign under section labeled "Other person" below.

**NOTICE TO WISCONSIN APPLICANTS: YOU MUST DISCLOSE YOUR MARITAL STATUS:**
☐ married; ☐ unmarried; ☐ legally separated.

*If you are a married Wisconsin applicant, you must provide your spouse's information as indicated, even though your spouse may not be signing this contract.
For Married Wisconsin Applicant: I acknowledge that the obligation described herein is being incurred in the interest of my marriage or family. ☐ Check box

FIRST NAME: ALIX
LAST NAME: DUVIAL
HOME PHONE: 305 385 1546
SOC. SEC. NO.: ~~_____~~   DATE OF BIRTH: 1,31,46
ADDRESS: 7980 SW 146 PA
APT: PH   CITY: MIAMI
ST: FL   ZIP: 31186
SINCE MO. ___ YR. ___ BUY ☐ RENT ☒ OTHER ☐
PREVIOUS ADDRESS: 2753 GRINSTER DR Louisville, Ky 40206
EMPLOYER: DAV+SS   SINCE: 1979   MO./YR.
EMPLOYER OCCUPATION: Central Baptist Church.
ADDRESS:
PREVIOUS EMPLOYER NAME:
MONTHLY GROSS SALARY: $ 3200 A MONTH.
BUS. PHONE: 305 385-1546   PREV. EMPLOY. ___ TO ___
Income from alimony, child support or separate maintenance payments need not be disclosed if you do not wish to have it considered as basis for repaying this obligation.
ADDITIONAL MONTHLY INCOME: $ 1100   SOURCE:
PLEASE TELL US IF YOU HAVE:
CHECKING ACCOUNT: ☒ (Y/N)   SAVINGS ACCOUNT: ☐ (Y/N)
NAME & ADDRESS OF NEAREST RELATIVE NOT LIVING WITH YOU:
RELATIONSHIP:

---

## JOINT APPLICANT INFORMATION:

JOINT APPLICANT'S FIRST NAME: ___ INITIAL ___
JOINT APPLICANT'S LAST NAME:
SOC. SEC. NO.: ___   DATE OF BIRTH: ___
ADDRESS:
APT: ___ CITY: ___
ST: ___ ZIP: ___
HOME PHONE ( ) ___   DATE OF RESIDENCE ___ MO./YR.
JOINT APPLICANT'S EMPLOYER
OCCUPATION
BUSINESS PHONE ( ) ___   MONTHLY GROSS SALARY $ ___
SINCE ___   PREVIOUS EMPLOYER
DATE ___
MO./YR TO MO./YR

CredICare® Insurance Option *(CA, MO, NJ, NY, OK, PA, TX and VA excluded)
Protect my revolving account with CredICare (please initial below)
(Wisconsin Applicants have Spouse full NAME(S) - DO NOT USE INITIALS)

Single CredICare ___ X ___ (initials)
Joint CredICare ___ (initials)
No Insurance ___

I understand that the CredICare coverage described herein is optional and not required to obtain credit. Rates and coverages are described in the CredICare Insurance Election. If Joint Coverage is selected, Joint Borrower is covered by life only. Both applicants must initial if Joint CredICare is elected.

All of the information furnished on this application is, to the best of your knowledge, complete and accurate. We may check any of the information from whatever source we choose. We may provide information about your account to Rooms To Go or our affiliates. From time to time we may provide information about your account to you. Credit information obtained by us in connection with your account may be provided to our affiliates. You agree that this information may be used by us or our affiliates to determine whether you qualify for other credit offers. By completing and signing this application you request a Card issued by us which will allow you to make purchases under this Account. By a) signing, using or permitting others to use the Credit Card; b) signing or permitting others to sign sales slips; or c) making or authorizing others to make telephone purchases, you agree to the terms and conditions of this Cardholder Agreement and Disclosure Statement. Form 6022-011-38-US-03 (4-95) stated on both sides of this combined Application and Agreement, which are incorporated herein by reference. I've read and received a copy of my Agreement before making any purchase under this Account. Terms are attached.

APPLICANT'S SIGNATURE: X ___
CO-APPLICANT'S SIGNATURE: X ___
DATE:
Household Bank, (Illinois), National Association

BY: ___
Thomas M. Kimble, President

*OTHER PERSON: Individual credit, but relying on income of another person. All of the information furnished on this application is, to the best of your knowledge, complete and accurate. We may check any of the information from whatever source we choose.

OTHER PERSON'S SIGNATURE:
DATE:

---

**STORE USE ONLY:**

| Applicant's ID | (Type and Number) | | Expires | Applicant's Second ID | (Type and Number) | | Expires |
|---|---|---|---|---|---|---|---|
| Co-Applicant's ID | (Type and Number) | | Expires | Co-Applicant's Second ID | (Type and Number) 1053 5500 | | Expires 6/98 |

Account Number: 0 1 4 1 0 1 0 4 4 2 9 3 3 6 3
Approval Number ___
Name of Person Obtaining Verification and # ___   Credit Limit 3000

FORM 6022-011-38-US-03 (4-95)   US 413891

# EXHIBIT B

IN THE COUNTY COURT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 07-14737 SP 05

CACH, LLC,

                    Plaintiff,

vs.

ALIX DUVAL ,

                    Defendant(s).
_____/

**AFFIDAVIT OF PROOF &
NON-MILITARY**

STATE OF Colorado )
                   )  ss
COUNTY OF Denver  )

BEFORE ME, the undersigned authority, personally appeared **LESLEY SMITH** me well known, who has personal knowledge based upon the documentation as provided by the original creditor and after being duly sworn, deposes and says that:

1. I am an authorized agent for the Plaintiff. I have reviewed the documentation as provided by the original creditor and have ascertained that, the above-named Defendant(s), is/are justly and duly indebted to the said Plaintiff in the sum of $2,390.46. Affiant further states that the foregoing sum is now due and owing to the Plaintiff, and that the sum herein above mentioned is due with interest.

2. I have read all of the allegations contained in the Complaint and the same are true and correct to my personal knowledge.

3. In addition to the above, affiant further states that the above named Defendant(s), is/are not in the military service of the United States or any of its allies.

FURTHER AFFIANT SAYETH NAUGHT.

The foregoing instrument was acknowledged before me this the 9 day of October , 20 07 by _____, who is personally known to me and who did take an oath.

Notary Public State of Colorado

My commission expires:

File # 07-04151

SARAH L. CAMPBELL
Notary Public
State of Colorado

My Commission Expires January 23, 2010

# EXHIBIT C

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 07-14737 SP 05

CACH, LLC,

        Plaintiff,

**DEFAULT FINAL JUDGMENT**

vs.

ALIX DUVAL ,

        Defendant(s)

_____/

IT IS HEREBY ORDERED AND ADJUDGED THAT:

Plaintiff whose address is 4340 S. Monaco, Second Floor, Denver, CO 80237 shall recover from Defendant(s), ALIX DUVAL , the principal sum of $2,390.46, attorney's fees in the amount of $750.00 , court costs in the amount of $.00, interest in the amount of $608.18, the total of which shall bear interest at the rate of 11% per annum, for all of the above let execution issue.

IT IS FURTHER ORDERED AND ADJUDGED THAT:

The Defendant(s) shall complete Florida Rules Form 1.977 (Fact Information Sheet) and return it to the Plaintiff's attorney, within 45 days from the date of this Final Judgment unless it is satisfied or a motion for new trial or notice of appeal is filed.

Jurisdiction of this case is retained to enter further orders that are proper to compel the Defendant(s) to complete the Fact Information Sheet and return it to the Plaintiff's attorney.

DONE AND ORDERED at MIAMI-DADE County, Florida on this _____ day of
Sept , 2008.

_____
COUNTY COURT JUDGE

Copies furnished to:
LAW OFFICES OF ANDREU, PALMA & ANDREU, PL
701 SW 27th Avenue, Ste. 900
Miami, FL 33135.

**CATHERINE M. POOLER**
COUNTY JUDGE

ALIX DUVAL
13625 SW 99TH TERR
MIAMI FL 33186

07-04151

# EXHIBIT D

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 07-14737 SP 05

CACH, LLC ,

                Plaintiff,

vs.

ALIX DUVAL ,

                Defendant(s),

and

Sun Trust Bank,

                Garnishee.

_____/

**MOTION FOR WRIT
OF GARNISHMENT**

THE ORIGINAL FILED
IN THE OFFICE OF

CLERK, CIRCUIT COURT DADE CO. FLA.
CIVIL DIVISION

ON _MAY 12 2009_

      COMES NOW, the Plaintiff, by and through its undersigned attorneys and moves this

Court for the issuance of a Writ of Garnishment against Garnishee and as grounds therefore

would show unto this Court that:

      1. The undersigned is the attorney of record in the above referenced matter.

      2. Plaintiff obtained a Judgment against the Defendant(s), ALIX DUVAL, who Plaintiff

believes has a Social Security Number of xxx-xx-9336, for the principal, court costs, attorneys

fees and pre-judgment interest totaling $3,748.64, plus interest at the rate of 11% per annum.

The judgment remains unpaid in the amount of the judgment less payments received in the

amount of $0.00 since the date of judgment, September 25, 2008.  Said sum shall remain due

until the judgment is satisfied along with post judgment costs including but not limited to the

costs incurred in filing this garnishment.

3.  Said sum shall remain due until the judgment is satisfied, and post judgment costs including but not limited to the costs incurred in filing this garnishment, is in Garnishee's possession.  Plaintiff expects to recover the full amount of the Judgment as set forth herein, plus costs and interests in this garnishment action.

4.  Plaintiff does not believe that Defendant(s) has/have in his/her/their possession visible property upon which levy can be made sufficient to satisfy the Judgment.

5.  Plaintiff respectfully moves this court for the issuance of a Writ of Garnishment against the above named Garnishee who the undersigned has reason to believe has in its hands, possession or control, goods, monies, chattels or effects belonging to the Defendant(s).

LAW OFFICES OF ANDREU, PALMA & ANDREU, PL
Attorneys for Plaintiff
701 SW 27th Avenue, Ste. 900
Miami, FL 33135
Tel. (305) 631-0175
Fax. (305) 631-1816

By: _____
Jorge L. Palma, Esq.
Bar No.: 0597708

File # 07-04151



EXHIBIT E

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 07-14737 SP 05

CACH, LLC ,

        Plaintiff,

**WRIT OF GARNISHMENT**

vs.

ALIX DUVAL ,

        Defendant(s),

and

Sun Trust Bank,

        Garnishee.

_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to summon Garnishee, Sun Trust Bank, , MC 7150, Orlando,
FL 32809 or any other branch, who is required to serve an answer to this Writ on Plaintiff's
attorney, whose name and address is LAW OFFICES OF ANDREU, PALMA & ANDREU, PL,
701 SW 27th Avenue, Ste. 900, Miami, Florida 33135, telephone # 305-631-0175, within twenty
(20) days after service of the Writ, exclusive of the date of service, and to file the original with
the Clerk of the Court either before service on the attorney or immediately thereafter, plus
sufficient time, not to exceed one (1) business day for Garnishee to act expeditiously on the writ
or at any time between such times. The answer shall state whether the Garnishee is indebted to
Defendant, ALIX DUVAL, who Plaintiff believes has a social security of xxx-xx-9336, at the
time of the answer or was indebted at the time of the service of the Writ, or at any time between
such times, and in what sum and what tangible and intangible personal property of the Defendant
the Garnishee is in possession or control of at the time of the answer or had at the time of service
of this Writ, or at any time between such times, and whether the Garnishee knows of any other
person indebted to the Defendant or who may be in possession or control of any of the property
of the Defendant. The total amount of the final judgment outstanding as set out in plaintiff's
motion is $3,748.64, principal, court costs, pre-judgment interest and attorney's fees, plus
interest at the rate of 11% from September 25, 2008 the date of the judgment, less payments
received in the amount of $0.00.

     ENTERED on this _____ day of **MAY 1 3 2009**_____, 20_____, in the
MIAMI-DADE County, Florida.

_____
CLERK OF COURT   ALICIA SASTRE

     I HEREBY CERTIFY that pursuant to Fla. Stat. 77.28, Plaintiff has deposited $100.00 in
the this Court's registry for the payment or part payment of attorney's fees that may be expended

# EXHIBIT F

CACH, LLC.,

     Plaintiff,

vs.

ALIX DUVAL,

     Defendant.

_____/

## DEFENDANT'S VERIFIED EMERGENCY MOTION TO QUASH/DISSOLVE WRIT OF GARNISHMENT AND CLAIM OF EXEMPTION

COMES NOW the Defendant, ALIX DUVAL, through undersigned counsel and respectfully moves the Court upon his above-referenced Motions and states:

1.    On or about May 2009 the Plaintiff through its counsel, (despite being aware that Mr. Duval's sole source of income is Social Security and Disability Benefits, and remittance) obtained an ex parte judgment and than filed a motion for writ of garnishment as to Defendant's bank (where Mr. Duval, as Plaintiff's counsel was aware, received his social security/disability benefits– which are exempt from garnishment) and obtained a writ for $3,748.64.

2.    Despite the Defendant (upon discovering to his dismay that his account was garnished and thus the funds frozen) again advising Plaintiff's counsel of the matter, no voluntary action by the Plaintiff was initiated to remedy the situation.

3.   Given the dire financial impact that the writ is having on Mr. Duval and his family, inasmuch as the Plaintiff will not voluntarily quashed/dissolved the writ, immediate Court intervention is required.

4.   Under the circumstances, inter alia, the writ of garnishment served upon Mr. Duval's bank containing an account consisting entirely of his social security/disability benefits must be promptly quashed/dissolved.. *See*, SSR 79-4: SECTIONS 207, 452(b), 459 and 462(f) (42 U.S.C. 407, 652(b), 659 and 662(f)) LEVY AND GARNISHMENT OF BENEFITS, 20 CFR 404.970 SSR 79-4 provides:

**Social Security benefits are *exempt* from execution, levy, attachment, *garnishment*, or from the operation of any bankruptcy or insolvency law.** The exceptions are that benefits are subject: (1) to the authority of the Secretary of the Treasury to make levies for the collection of delinquent Federal taxes and under certain circumstances delinquent child support payments; and (2) to garnishment or similar legal process brought by an individual to enforce a child support or alimony obligation.

In addition, Section 207 of the Social Security Act provides:

"The right of any person to any future payment under this title shall <u>not</u> be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, *garnishment*, or other legal process, or to the operation of any bankruptcy or insolvency law."

WHEREFORE, the Defendant requests that the foregoing Motions be GRANTED, and for the Court to enter such other orders as it deems just and appropriate.

AFFIANT FURTHER SAYETH NAUGHT.

_____

Alix Duval

State of Florida      }

County of Miami-Dade      }

Personally appeared before me on August 13 , 2009, Alix Duval, who is either personally known to me or has provided a valid driver's license for identification, and who after being duly sworn declares that he has read the foregoing and same is true and correct.



Notary Public- State of Florida at Large
My Commission Expires on: 13 | 14 | 2012
Seal:

Notary Public State of Florida
Carolina Castillo
My Commission DD845238
Expires 12/14/2012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent fax and/or mail to Law Offices of Andreu, Palma & Andreu, PL (counsel for Plaintiff), 701 S.W. 27th Avenue, Suite 900, Miami, Florida 33135, and Bergman and Jacobs, P.A., 2001 Hollywood Boulevard, Suite 200, Hollywood, Florida 33020, ono August 18, 2009.

SINA NEGAHBANI, ESQ.
Counsel for Defendant
P.O. Box 566055
Miami, Florida 33256
Tel: (305) 595-9078
Fax: (305) 595-9079

By:

Sina Negahbani
F.B.N. 972673

# EXHIBIT G

IN THE COUNTY COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 07-14737 SP 05

CACH, LLC,

        Plaintiff,

vs.

**NOTICE OF VOLUNTARY
DISSOLUTION OF WRIT OF
GARNISHMENT**

ALIX DUVAL ,

        Defendant(s),

and    .

SUNTRUST BANK,

        Garnishee.

_____/

PLEASE TAKE NOTICE that in response to Defendant's claim of exemption, the

Plaintiff, CACH, LLC, hereby voluntarily dissolves its Writ of Garnishment in the above-styled

cause with respect to the property or monies of the Defendant, ALIX DUVAL. All said items

currently being withheld by the Garnishee should be returned to the Defendant without delay.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail
this _20_ day of _Aug_____, 20 _09_ to: Sina Negahbani, Esq., 8500 SW 92nd Street,
Ste. 206, Miami, FL 33166 and SUNTRUST BANK, Mark A. Jacobs, Esq., 2001
HOLLYWOOD BLVD STE 200, HOLLYWOOD, FL 33020.

                LAW OFFICES OF ANDREU, PALMA & ANDREU, PL
                Attorneys Dedicated to Debt Collection
                701 SW 27th Avenue, Ste. 900
                Miami, FL 33135
                Tel. (305) 631-0175
                Fax. (305) 631-1816

                By: _____
                    Jorge L. Palma, Esq.
                    Bar No. 0597708

File # 07-04151

*JS 44 (Rev. 2/08) **09-22636 CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**FILED by _____ D.C.**

**SEP 0 4 2009**

**CLERK U.S. DIST. CT.**
**S.D. OF FLA. – MIAMI**

## I. (a) PLAINTIFFS

Alix Duval

**(b)** County of Residence of First Listed Plaintiff __Miami Dade__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Sina Negahbani, Esq. - Sina Negahbani, P.O Box
566055, Miami, Florida 33256-6605 , 305-595-9078

## DEFENDANTS

Law Office of Andreu, Palma & Andreu, PL f.k.a Law Office of
Andreu & Palma, Pl; Jorge L. Palma, and Juan G. Andreu
County of Residence of First Listed Defendant __Miami Dade__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

Attorneys (If Known)

**CIV-UNGARO**

**(d)** Check County Where Action Arose: ✓MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**MAGISTRATE JUDGE**
**SIMONTON**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | ☐ 950 Constitutionality of State |
| | Employment | ☐ 550 Civil Rights | Application | | Statutes |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE                                    DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Fair Debt Collection Practices Act ("FDCPA")

LENGTH OF TRIAL via _3-5_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
September 4, 2009

**FOR OFFICE USE ONLY**
AMOUNT __350-__    RECEIPT # __1007840__ IFP