UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22636-CIV-UNGARO/SIMONTON

ALIX DUVAL,

    Plaintiff,

v.

LAW OFFICE OF ANDREU, PALMA
& ANDREU, PL, f/k/a LAW OFFICE
OF ANDREU & PALMA, PL, et al.,

    Defendants.
_____/

## ORDER ON PENDING DISCOVERY MOTIONS

Presently pending before the Court are Plaintiff's Motion To Compel Discovery and For Appropriate Sanctions Against Defendant Jorge Palma (DE # 42); Plaintiff's Motion To Compel Discovery and For Appropriate Sanctions Against Defendant Juan Andreu (DE # 43); Plaintiff's Motion To Compel Discovery and For Appropriate Sanctions Against Defendant Law Offices of Andreu, Palma and Andreu (DE # 44) and Defendants' Motion to Strike Plaintiff's Motions To Compel Discovery (DE # 48).  These motions are referred to the undersigned Magistrate Judge for disposition (DE ## 46, 53).  For the reasons stated below, Plaintiff's discovery motions are granted by default, and Defendants' motion to strike is denied.

    I. Background

Plaintiff is proceeding under a three-count Complaint, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (Count I), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (Count II), and wrongfully entered a writ of garnishment (Count III).  Specifically, Plaintiff contends that Defendants, acting as debt collectors, obtained an *ex parte* Final Default Judgment,

without notice to Plaintiff, and then entered a writ of garnishment on Plaintiff even though Plaintiff and Defendants had entered into an agreement to repay the debt on a monthly basis and Plaintiff had actually repaid the debt (DE # 1).

Defendants have answered the Complaint (DE ## 17, 24).

The instant motions followed.

## II. Plaintiff's Motions Against Defendants Palma and Andreu, Individually

In these motions, filed on January 19, 2010, Plaintiff states that Defendants Palma and Andreu, individually have not responded to Plaintiff's Interrogatories and Requests for Production, both propounded on December 11, 2009. Plaintiff requests an order compelling each Defendant to fully respond to all outstanding discovery with any objection waived (DE ## 42, 43).

## III. Plaintiff's Motion Against Defendant Law Office of Andreu, Palma and Andreu

In this motion, filed on January 19, 2010, Plaintiff contends that the responses of Defendant Law Offices to Plaintiff's Interrogatories and Plaintiff's Request for Production, are insufficient. Plaintiff requests that Defendant Law Office be ordered to provide better responses to all Requests (Nos. 1-16), and better answers to Interrogatories 1 through 6. Plaintiff also requests that Defendant Law Office be ordered to submit its answers to Interrogatories with the appropriate jurat (DE # 44).

## IV. Defendants' Motion To Strike

On January 22, 2010, Defendants moved to strike Plaintiff's motions, alleging that Plaintiff had failed to comply with Local Rule 7.1.A.3., which required that Plaintiff make a good faith effort to resolve the relevant issues with Defendants before filing the instant motions. In support thereof, Defendants attached a copy of a letter faxed by Plaintiff's counsel to Defendants' counsel on January 18, 2010, raising various issues with

Defendants' discovery responses and failures to respond (DE ## 48, 50).

Plaintiff responded that in the week prior to filing the motion, it had contacted Defendants to try to address numerous issues concerning discovery, but that Defendants' counsel never got back to Plaintiff's counsel.  Plaintiff also noted that as of January 22, 2010, Defendants still had not contacted Plaintiff's counsel to discuss the issues raised by Plaintiff (DE # 49).

V.  **The Previous Orders Regarding This Dispute**

On January 25, 2010, after receiving orders of reference on the instant motion, the undersigned Magistrate Judge entered an order on discovery practices (DE # 51).

Also on January 25, 2010, the undersigned Magistrate Judge entered an Order that required counsel for all parties to confer regarding the issues raised in Plaintiff's motions on or before January 29, 2010; and, if the consultation did not resolve all issues raised in Plaintiff's motions, also required Defendants to file responses to Plaintiff's motions, on or before February 1, 2010 (DE # 52).

VI.  **Plaintiff's Notice As To Consultation**

On February 2, 2010, Plaintiff filed a notice concerning the effort to resolve the issues raised in Plaintiff's discovery motions.  Plaintiff stated that on January 29, 2010, the parties held a telephone conference which resolved issues relating to Requests for Production 1 through 3 and 13-15, and Interrogatories 1, 2, and 5.  Defendants also agreed to provide a jurat.  Defendants were to provide all supplemental responses by February 3, 2010.  Plaintiff also noted that Defendants had not filed responses to Plaintiff's discovery motions, as ordered by the Court (DE # 54).

VII.  **Plaintiff's Motions Are Granted by Default**

Defendants have not complied with the undersigned's Order to file responses to

**Plaintiff's discovery motions by February 1, 2010. Therefore, pursuant to Local Rule 7.1 C., Plaintiff's discovery motions are granted by default, as follows:**

**As to Plaintiffs' Requests for Production 1, 2, 3, 13, 14 and 15, as agreed, Defendants must provide the responsive documents to Plaintiff's counsel by February 4, 2010 (DE # 54 at 1).**

**As to Plaintiffs' Requests for Production 4 through 8, 10 through 12 and 16, Defendants' objections are overruled and Defendants must provide Plaintiff's counsel with any responsive documents by February 13, 2010. If Defendants have confidentiality concerns, they should agree to a confidentiality stipulation with Plaintiff, as previously discussed with Plaintiff (DE # 54 at 2).[1]**

**As to Plaintiff's Interrogatories 1 and 2, Defendants must provide the agreed supplemental answers to Plaintiff's counsel by February 4, 2010 (DE # 54 at 2).**

**As to Plaintiff's Interrogatory 5, Defendants must provide the agreed responsive documents or supplemental answers to Plaintiff's counsel by February 4, 2010 (DE # 54 at 2). If Defendants have confidentiality concerns, they should agree to a confidentiality stipulation with Plaintiff, as they have previously discussed with Plaintiff (DE # 54 at 2).**

**As to Plaintiff's Interrogatory 3, Defendants' objections are overruled. By February 13, 2010, Defendants must provide Plaintiff's counsel with better answers and/or a privilege log which complies with the Local Rules as to each allegedly**

---

[1] **If the parties are not able to agree with respect to confidentiality, Defendants must still, as required by this Order, produce the documents and interrogatory answers over which they seek protection, with the proviso that the information shall not be used for any purpose other than for the present litigation, nor disseminated to anyone other than Plaintiff's counsel until further order of this Court. If, by February 23, 2010, twenty days from the entry of this Order, Defendants' counsel does not seek a confidentiality Order from this Court, this instruction to Plaintiff is lifted, except to the extent that the parties otherwise agree in writing.**

privileged communication.

As to Plaintiffs' Interrogatory 4, Defendants' objections are overruled and Defendants must provide Plaintiff's counsel with better answers by February 13, 2010.

As to the jurat, as agreed, by February 4, 2010, Defendants must provide Plaintiff's counsel with the executed jurat (DE # 54 at 2).

### VII.  Defendants' Motion To Strike Is Denied

Defendants' motion to strike is denied.  Plaintiff's counsel fully complied with Local Rule 7.1.A.3, and attempted to confer with Defendants' counsel before filing his discovery motions.  It also appears that it was Defendants' counsel who were not responsive to Plaintiff's attempts to confer.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Discovery and For Appropriate Sanctions Against Defendant Jorge Palma (DE # 42); Plaintiff's Motion To Compel Discovery and For Appropriate Sanctions Against Defendant Juan Andreu (DE # 43); and Plaintiff's Motion To Compel Discovery and For Appropriate Sanctions Against Defendant Law Offices of Andreu, Palma and Andreu (DE # 44), are **GRANTED by default**.  As stated in the body of the Order, Defendants must provide better response to Plaintiff's requests for production and better answers to Plaintiff's interrogatories by the dates stated.  It is further

**ORDERED AND ADJUDGED** that Defendants' Motion to Strike Plaintiff's

Motions To Compel Discovery (DE # 48), is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on February 3, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record