UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22636-CIV-UNGARO/SIMONTON

ALIX DUVAL,

    Plaintiff,

v.

LAW OFFICE OF ANDREU, PALMA
& ANDREU, PL, f/k/a LAW OFFICE
OF ANDREU & PALMA, PL, et al.,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION TO COMPEL DISCOVERY AND AWARDING RULE 37 SANCTIONS TO PLAINTIFF

Presently pending before the Court is Defendant's Motion To Compel Discovery (DE # 72). This motion is referred to the undersigned Magistrate Judge for disposition (DE # 74). Plaintiff timely responded to the motion (DE # 77). Defendants have not filed a reply, and the last day to timely file a reply was April 29, 2010. For the reasons stated below, Defendants' discovery motion is denied.

    I.  <u>Background</u>

Plaintiff is proceeding under a three-count Complaint, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (Count I), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (Count II), and wrongfully entered a writ of garnishment (Count III). Specifically, Plaintiff contends that Defendants, acting as debt collectors, obtained an *ex parte* Final Default Judgment, without notice to Plaintiff, and then entered a writ of garnishment on Plaintiff even though Plaintiff and Defendants had entered into an agreement to repay the debt on a monthly basis and Plaintiff had actually repaid the debt (DE # 1).

**Defendants have answered the Complaint (DE ## 17, 24).**

**The instant motions followed.**

**II.   Defendants' Motion**

**Defendants contend that on January 12, 2010, Defendants served Interrogatories on Plaintiff, and on January 14, 2010, Defendants served a request for production on Plaintiff.  Defendants state that Plaintiff's counsel subsequently requested a 20 day extension of time to respond to the discovery, which Defendants allowed.  Defendants then submit that while Plaintiff answered the Interrogatories, Plaintiff never responded to the request for production (DE # 72 at 1).  Defendants request an Order compelling Plaintiff to respond to the request for production and also to pay Defendants their reasonable costs and attorney's fees associated with having to file this motion (DE # 72 at 3).  Defendants' counsel certified that he attempted in good faith to resolve the matter short of filing the instant motion, apparently by granting Plaintiff, in mid-February 2010, a 20 day extension of time to respond (DE # 72 at 4).**

**III.   Plaintiff's Response**

**Plaintiff responds that as 1) Plaintiff never received a January 14, 2010 request for production from Defendants; and 2) Plaintiff never sought or received a 20 day extension to respond to the request for production, Defendants' motion should be denied (DE # 77 at 1, paras. 1-3).  Plaintiff explains that on January 12, 2010, Defendants propounded Interrogatories to Plaintiff, and on February 11, 2010, Plaintiff asked for and received a 20 day extension of time to respond to the interrogatories (DE # 77 at 2, paras. 4, 5).  On March 3, 2010, Plaintiff responded to the interrogatories (DE # 77 at 2, para. 6).  Plaintiff's counsel notes that, after receiving the instant motion, he asked Defendants' counsel to provide a copy of the purported email to which the request for production was allegedly**

attached, but Defendants' counsel did not do so (DE # 77 at 3, paras. 11, 12).  Plaintiff also states that Defendants never contacted Plaintiff about this issue before filing this motion (DE # 77 at 4-5, paras. 17, 18).  Finally, Plaintiff, pursuant to Fed.R.Civ.P. 37(a)(5)(B), requests his reasonable attorney's fees for having to respond to a wholly meritless discovery motion (DE # 77 at 5, para. 21).

    III.  <u>Analysis</u>

Plaintiff alleges in his response that: 1) Defendants never served a request for production on him; 2) Defendants never consulted with him about this issue before filing the instant motion; and 3)  after Plaintiff's counsel received the instant motion, he asked Defendants to provide him with a copy of the purported email to which the request for production was allegedly attached, but Defendants' counsel did not do so.  Defendants have not filed a reply, and do not controvert Plaintiff's representations.

The undersigned takes as true Plaintiff's representations that 1) Defendants never served a request for production on him; 2) Defendants never consulted with him about this issue before filing the instant motion; and 3)  after Plaintiff's counsel received the instant motion, he asked Defendants to provide him with a copy of the purported email to which the request for production was allegedly attached, but Defendants' counsel did not do so.  The undersigned notes that Defendants did not attach to their motion any evidence that they actually served a request for production on Plaintiff, and did not file a reply to controvert Plaintiff's allegation.  Therefore, Defendants' motion is denied as meritless.

Plaintiff, pursuant to Fed.R.Civ.P. 37(a)(5)(B), requests his reasonable attorney's fees for having to respond to a wholly meritless discovery motion.

    Rule 37(a)(5)(B) states that:

> **if a discovery motion is denied, . . . the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.**

The undersigned finds that Defendants' motion was without merit, and is troubled that Defendants did not attempt to controvert Plaintiff's assertion that Defendants never served the request for production on Plaintiff.  Therefore, Defendants must pay Plaintiff the reasonable expenses, including attorney's fees, which Plaintiff incurred in opposing the motion.  On or before May 24, 2010, Plaintiff shall file an affidavit which details the reasonable costs, including attorney's fees, which Plaintiff incurred in having to respond to the instant motion.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion To Compel Discovery (DE # 72), is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Request for Sanctions (DE # 77), is **GRANTED**.  On or before June 2, 2010, Plaintiff shall file an affidavit which details the reasonable costs, including attorney's fees, which Plaintiff incurred in having to respond to the instant motion.

**DONE AND ORDERED** in chambers in Miami, Florida, on May 19, 2010.

/s/ Andrea M. Simonton
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro,**
   **United States District Judge**
**All counsel of record**