UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22636-CIV-UNGARO/SIMONTON

ALIX DUVAL,

    Plaintiff,

v.

LAW OFFICE OF ANDREU, PALMA
& ANDREU, PL, f/k/a LAW OFFICE
OF ANDREU & PALMA, PL, et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Presently pending before the Court is Defendants' Motion for Reconsideration Regarding Defendants' Motion to Compel Discovery (DE # 90). Plaintiff has filed an Opposition to the Motion (DE # 93). Defendants have not replied, and the last day to timely file a reply was June 4, 2010. For the reasons stated below, Defendants' Motion for Reconsideration is DENIED.

    I. Background

Plaintiff is proceeding under a three-count Complaint, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., (Count I), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (Count II), and wrongfully entered a writ of garnishment (Count III). Specifically, Plaintiff contends that Defendants, acting as debt collectors, obtained an *ex parte* Final Default Judgment, without notice to Plaintiff, and then entered a writ of garnishment on Plaintiff even though Plaintiff and Defendants had entered into an agreement to repay the debt on a monthly basis and Plaintiff had actually repaid the debt (DE # 1).

Defendants have answered the Complaint (DE ## 17, 24).

On May 19, 2010, the undersigned Magistrate Judge denied Defendants' motion to compel discovery and awarded Rule 37 sanctions to Plaintiff (DE # 86).

The instant motion followed

## II. Law and Analysis

Defendants request that this Court reconsider its denial of their motion to compel discovery and the granting of Rule 37 sanctions to Plaintiff. The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted). In addition, a court's reconsideration of a prior order is an extraordinary remedy and exercise of this power must, of necessity, be used sparingly. *Burger King Corp. v Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002). When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision the was based. *Van Harlingen v. City of Dunedin*, 1992 WL 161064 (M.D. Fla. June 29, 1992), *citing Kuenz v. Goodyear Tire & Rubber Co.*, 617 F.Supp. 11, 14 (N.D. Ohio 1985). Thus, a motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension ....Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d at 1369, citing *Z.K. Marine Inc.*, 808 F.Supp. at 1563. In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.,* citing *Offices Togolais Des*

*Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999); *see also Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

In the instant Motion, Defendants have failed to establish that a change in the factual or legal underpinnings upon which this Court's decision was based has occurred. In fact, Defendants have not even argued as much. Rather, Defendants simply make an argument which they could have made in a reply in support of their motion to compel, had they decided to file such a reply. Moreover, in their motion to reconsider, Defendants rely on, in support of their original motion, a case, *Farris v. Walton*, 2010 WL 457428 (11th Cir. Feb. 11, 2010) (unpub. op.), which the Eleventh Circuit decided before Defendants filed their motion to compel on April 7, 2010 and before Defendants' time to file a reply in support of their motion to compel expired on April 29, 2010. Thus, this argument, which Defendant could have made in its motion to compel, does not provide a basis for this Court to reconsider its decision. *Z.K. Marine Inc.,* 808 F.Supp. at 1563 (motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision).

Moreover, in their motion to reconsider, Defendants misplace their reliance on *Farris v. Walton*. In *Farris*, the Bankruptcy Court found that there was a rebuttable presumption that Farris had received a notice of a hearing on the Trustee, Walton's, motion to dismiss which the Bankruptcy Court had sent to Farris' address, and that Farris had not alleged any facts to rebut the presumption. 2010 WL 457428, at *1. The notice of the hearing was accompanied by a certificate of service. 2010 WL 457428, at *2. Moreover, since Farris did not appear at the hearing, the Bankruptcy Court dismissed Farris's bankruptcy petition. 2010 WL 457428, at *1. The Eleventh Circuit affirmed the Bankruptcy Court's judgment, finding that Fed.R.Civ.P. 5(b) allows any

3

paper served after a motion to be served by mailing a copy to the person's last known address, and that there was a common law rebuttable presumption that an item properly mailed was received by the addressee.  2010 WL 457428, at *1-2.  The Eleventh Circuit went on to state that the presumption of receipt may be rebutted by producing evidence which would support a finding of the non-existence of the presumed fact, and while the mere denial of receipt, without more, was insufficient to rebut the presumption, direct testimony of non-receipt, combined with other evidence, might be sufficient to rebut the presumption.  2010 WL 457428, at *2.

In this case, on the contrary, Defendants claimed they had served a January 14, 2010 request for production on Plaintiff's counsel by email and by U.S. mail, and that Plaintiff had never responded.  Plaintiff contended that he never received the January 14, 2010 request for production, and that when he asked Defendants' counsel for a copy of the purported email to which Defendants had allegedly attached the request for production, Defendants' counsel never provided Plaintiff's counsel with a copy.  Plaintiff also contended that Defendants never consulted with him about this issue before filing their motion to compel, in violation of Local Rule 7.1 (a)(3).  Thus, Plaintiff not only stated that he never received the request for production, he also provided other evidence, in that Defendants' counsel would not provide him with a copy of the email to which Defendants had allegedly attached the request for production, and that Defendants' counsel had never asked Plaintiff before filing the motion to compel on April 7, 2010 where the responses to the request to production were.  Defendants did not controvert any of these assertions by Plaintiff.  These facts also distinguish the instant case from *Farris*.  Moreover, Plaintiff has noted that Defendants were untimely in filing their motion to compel, filing it more than 30 days after the occurrence of grounds for the motion, in violation of Local Rule 26.1(h).  Defendants have never responded to this

assertion.  The undersigned notes that a violation of either Local Rule 7.1 (a)(3) or Local Rule 26.1(h) would have been sufficient grounds to deny Defendants' motion to compel.

Accordingly, Defendants have failed to demonstrate that this Court should reconsider its Order to correct manifest errors of law or fact, to consider newly discovered evidence, or based upon an intervening change in controlling law. Defendants should have made the arguments raised in their motion for reconsideration in a reply supporting their motion to compel.  Thus, Defendants' Motion for Reconsideration is denied.

Therefore, for the reasons stated above, it is hereby

**ORDERED and ADJUDGED** that Defendants' Motion for Reconsideration Regarding Defendants' Motion to Compel Discovery (DE # 90), is **DENIED**.  Plaintiff's Cost and Attorney's Fees Affidavit is now due on June 22, 2010.

**DONE AND ORDERED** in chambers, in Miami, Florida, on June 8, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro,
   United States District Judge
All counsel of record via CM/ECF