UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22636-CIV-UNGARO/SIMONTON

ALIX DUVAL,

    Plaintiff,

v.

LAW OFFICE OF ANDREU, PALMA
& ANDREU, PL, f/k/a LAW OFFICE
OF ANDREU & PALMA, PL, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION FOR ORDER TO SHOW CAUSE AND SANCTIONS

This matter is before the Court on Plaintiff's Second Motion For Order to Show Cause, Motion to Compel and Appropriate Sanctions for Defendants' Willful/Bad Faith Failure to Comply With Magistrate's Discovery Order (DE # 120).  This motion is referred to the undersigned Magistrate Judge for disposition (DE # 126).  The motion is fully briefed (DE ## 130, 132).  On June 23, 2010, the undersigned held a hearing on the motion.  All oral rulings made at the hearing are incorporated into this Order. For the reasons stated below, Plaintiff's motion is granted in part.

    I.  BACKGROUND

Plaintiff is proceeding under a three-count Complaint, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (Count I), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (Count II), and wrongfully obtained a writ of garnishment (Count III).  Specifically, Plaintiff contends that Defendants, acting as debt collectors, obtained an *ex parte* Final Default Judgment, without notice to Plaintiff, and then obtained a writ of garnishment for Plaintiff's bank

account, even though Plaintiff and Defendants had entered into an agreement to repay the debt on a monthly basis and Plaintiff had actually repaid the debt (DE # 1).

Defendants have answered the Complaint, and, *inter alia*, raised the Affirmative Defense "that any violation of law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors (DE ## 17, 24).

The presently pending motion follows, and is based upon a series of discovery disputes that culminated in the latest motion, which seeks the ultimate sanction of striking Defendants' Answers, or at least their Affirmative Defenses. Therefore, the history of discovery is set forth below.

## II. FRAMEWORK FOR ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, a party that "fails to obey an order to provide or permit discovery" is subject to a further order imposing sanctions which may include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b). In order to impose the extreme sanction of a default judgment under Rule 37(b), the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." *Immuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing, *inter alia*, *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)).

The discovery disputes at issue in the case at bar are examined with these principles in mind.

## III. THE PREVIOUS ORDERS REGARDING THESE DISPUTES

On January 25, 2010, after receiving an order of reference on discovery matters,

the undersigned Magistrate Judge entered an order on discovery practices (DE # 51).

Also on January 25, 2010, the undersigned Magistrate Judge entered an Order that required counsel for all parties to confer regarding the issues raised in Plaintiff's discovery motions (DE ## 42, 43, 44) on or before January 29, 2010; and, if the consultation did not resolve all issues raised in Plaintiff's motions, also required Defendants to file responses to Plaintiff's motions, on or before February 1, 2010 (DE # 52).

On February 2, 2010, Plaintiff filed a notice concerning the effort to resolve the issues raised in Plaintiff's discovery motions.  Plaintiff stated that on January 29, 2010, the parties held a telephone conference which resolved issues relating to Requests for Production 1 through 3 and 13-15, and Interrogatories 1, 2, and 5.  Defendants also agreed to provide a jurat.  Defendants were to provide all supplemental responses by February 3, 2010.  Plaintiff also noted that Defendants had not filed responses to Plaintiff's discovery motions, as ordered by the Court (DE # 54).

On February 3, 2010, after Defendants had not filed responses to Plaintiff's discovery motions by the ordered date of February 1, 2010, the undersigned granted by default Plaintiff's discovery motions (DE # 55).

On February 3, 2010, after the undersigned had granted by default Plaintiff's discovery motions, Defendants filed a motion to reconsider the granting by default of Plaintiff's discovery motions, contending that their failure to file a response to Plaintiff's discovery motions in a timely manner was a result of excusable neglect.  Defendants requested leave to file a response to Plaintiff's motions (DE # 56).  Defendants also filed a response to the discovery motions (DE # 57).  On February 5, 2010, Defendants filed a notice with an email attached from Plaintiff's counsel stating that he did not object to a

grant of the motion for reconsideration (DE # 58).

On March 1, 2010, the undersigned granted the motion for reconsideration, vacated the portion of the February 3, 2010 Order which granted by default Plaintiff's discovery motion, and allowed Plaintiff until March 5, 2010 to file a reply (DE # 60).  On March 3, 2010, Plaintiff filed his reply (DE # 61).  A hearing on the discovery motions was set for March 17, 2010.

On March 9, 2010, Defendants filed a Motion for Protective Order, seeking to cancel their depositions, which were set for the following morning (DE # 62).  The undersigned denied the Motion on March 10, 2010, noting that Defendants had received the Notices (by their own account) on February 25, 2010, but had not attempted to contact Plaintiff's counsel until 6:19 p.m. on Sunday, March 7, 2010, and had not filed their motion until March 9, 2010; and, that the Motion provided no reason for their unavailability (DE # 64).

Thereafter, on March 11, 2010, Plaintiff filed a Motion to Compel and For Appropriate Sanctions Against Defendants For Failure to Attend Their Scheduled Depositions Despite the Court's Order Denying Their Emergency Motion for Protective Order (DE # 66).  Defendants were permitted to respond orally at a hearing held on March 17, 2010.  The Court granted the Motion for Sanctions, in part, awarding a portion of the requested attorney's fees, as well as the cost of the court reporter.

In addition, at the March 17th hearing, the Court orally granted the Motion to Compel, in part, and ordered that supplemental responses be provided, on an expeditious basis, to various Interrogatories and Requests for Production that were the subject of the Motion (DE # 87).

Plaintiff subsequently filed a Motion For Order to Show Cause and Appropriate

**Sanctions for Defendants' Willful/Bad Faith Failure to Comply With Magistrate's Discovery Order (DE # 70).** On May 31, 2010, the Court granted the motion in part, ordered that Defendants provide some supplemental discovery on the matters in question, and found that Defendants' repeated delays in providing responsive discovery did not rise to the level necessary to justify striking their Answer or Affirmative Defenses, or an adverse jury instruction, but did rise to the level of requiring Defendants to pay monetary sanctions (DE # 97).

The present motion followed. Plaintiff contends that Defendants failed to comply with the May 31, 2010 Order; Defendants contend that they have fully complied with the Court's May 31, 2010 Order. As relief, Plaintiff requests the Court to order Defendants to immediately provide the discovery ordered in the May 31, 2010, and/or to sanction Defendants by striking their Answer, or their Affirmative Defenses; or, in the alternative giving "an appropriate jury instruction wherein the jury can infer certain facts in light of Defendants' failure to produce court ordered discovery–particularly documents that relate to other default or ex parte final judgments obtained by the Defendants, and consumer complaints levied against them." (DE # 120 at 7).

At the hearing, the undersigned heard argument with respect to each of the discovery defalcations alleged, and issued oral rulings, which are set forth below. In sum, the Court concludes that to the extent that Defendants failed to comply with the Court's orders, those errors can be cured by permitting limited additional discovery which will not disrupt the trial schedule.

Therefore, for the reasons stated at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Second Motion For Order to Show

Cause, Motion to Compel and Appropriate Sanctions for Defendants' Willful/Bad Faith Failure to Comply With Magistrate's Discovery Order (DE # 120), is **GRANTED in part**, as follows:

    1) to respond to Plaintiff's discovery request for Defendants' net worth documentation, on or before June 30, 2010, the individual Defendants shall provide: bank statements and tax returns from 2008 to the present; backup documentation for any lines of credit; credit card statements; and backup documents which substantiate the amounts paid by Defendant Palma for a wedding;

    2) with respect to Plaintiff's discovery request for the addresses of three specific witnesses, Joseph E. Beraldi, Ernesto Velez, and Sonia Cindy Agostini, the undersigned finds that Defendants have provided Plaintiff with sufficient information to locate the witnesses.  If he can obtain proper service on these witnesses, Plaintiff may take the depositions of these witnesses on or before July 9, 2010;

    3) to respond to Plaintiff's discovery request for the documents regarding the state court proceeding against Plaintiff, on or before June 30, 2010, Defendants must provide Defendants with an exemplar of Defendants' cover letter for default judgment; an exemplar of Defendants' default judgment package; an exemplar of Defendants' attorney fee affidavit; and copies of the cancelled check(s) which Defendants used to pay the court fees relating to filing the lawsuit and obtaining the writ of garnishment against Plaintiff.  Defendants must also request from Kach, LLC a copy of the original assignment of the debt owed by Plaintiff, and Defendant must then file with the Court, on or before July 6, 2010, an affidavit which states, in detail, Kach LLC's response to the request.  If Kach LLC provides Defendant with a copy of the original assignment of the

debt owed by Plaintiff, Defendants must provide Plaintiff with that document.

4) The undersigned again finds that Defendants have repeatedly delayed in providing responsive discovery, but that Plaintiff has not shown that these defalcations rise to the level required to justify the draconian sanctions of striking their Answer or Affirmative Defenses, or an adverse jury instruction.  Therefore, no further sanctions will be awarded at this time.

**DONE AND ORDERED** in chambers in Miami, Florida, on June 24, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record