UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22636-CIV-UNGARO/SIMONTON

ALIX DUVAL,

    Plaintiff,

v.

LAW OFFICE OF ANDREU, PALMA
& ANDREU, PL, f/k/a LAW OFFICE
OF ANDREU & PALMA, PL, et al.,

    Defendants.
    _____/

## ORDER DETERMINING THE AMOUNT OF SANCTIONS AWARDED PURSUANT TO FED. R. CIV. P. 37

    Presently pending before this Court is Plaintiff's Notice of Compliance with this Court's Orders regarding the filing of an affidavit to ascertain the amount of Rule 37 sanctions to be awarded to Plaintiff (DE # 131).  This motion is referred to the undersigned Magistrate Judge (DE # 74).  Defendants have filed an objection to Plaintiff's affidavit (DE # 141).  Plaintiff has not responded and the last day to file a response was July 12, 2010.  For the reasons stated below, Plaintiff's request for an award of Rule 37 Sanctions is granted in part.

    I.  Background

    Plaintiff is proceeding under a three-count Complaint, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., (Count I), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 (Count II), and wrongfully entered a writ of garnishment (Count III).  Specifically, Plaintiff contends that Defendants, acting as debt collectors, obtained an *ex parte* Final Default Judgment, without notice to Plaintiff, and then obtained a writ of garnishment even though Plaintiff

and Defendants had entered into an agreement to repay the debt on a monthly basis and Plaintiff had actually repaid the debt (DE # 1).

Defendants have answered the Complaint (DE ## 17, 24).

On May 19, 2010, the undersigned entered an Order denying Defendants' motion to compel discovery, finding Defendants' motion to be without merit, and awarding Plaintiff, pursuant to Fed.R.Civ.P. Rule 37(a)(5)(B), the reasonable costs, including attorney's fees, which Plaintiff incurred in having to respond to Defendants' motion.  By May 24, 2010, Plaintiff was to file an affidavit which detailed the reasonable costs which he incurred in responding Defendant's Motion (DE # 86).

Defendants subsequently filed a motion for reconsideration (DE # 90), which this Court denied on June 8, 2010 (DE # 109).  In the June 8, 2010 Order, the Court informed Plaintiff that his Costs and Attorney's Fees Affidavit was due on June 22, 2010 (DE # 109 at 5).

II. The Parties' Positions

A. Plaintiff's Affidavit

Plaintiff seeks an award of $1,876.25 for attorney's fees, based on 4.75 hours spent drafting the response to Defendants' motion to compel discovery and an hourly rate of $395.00.  Plaintiff does not seek costs (DE # 131-1).

B. Defendants' Objection

Initially, Defendants object to awarding Plaintiff's counsel his requested hourly rate of $395.00, contending that Plaintiff has not supported this rate (DE # 141 at 1, paras. 1-2).  Defendants suggest that an hourly rate of $250.00 is appropriate for Plaintiff's counsel (DE # 141 at 1, para. 4).  In support, Defendants file an Order entered by the Honorable John O'Sullivan, United States Magistrate Judge, in which Judge

O'Sullivan awarded an hourly rate of $300.00 to attorney Donald Yarbrough, who had requested an hourly rate of $350.00 (DE # 141-1 at 3-4; DE # 59 in *Sclafani v. I.C. System, Inc.*, Case No. 09-60174-CIV-JJO (consent)).  Defendants represent, without filing any evidence in support, that attorney Yarbrough has a much greater experience in litigating FDCPA cases than Plaintiff's attorney here (DE # 141 at 1, para. 3).  Defendants also contend that Plaintiff's counsel should not be entitled to recover for any time spent conducting "legal research of local and general rules of procedure" (DE # 141 at 1, para. 5).

   III.  Analysis

   This Court calculates a reasonable attorney's fee by using the lodestar method, which requires this Court to multiply the reasonable hours expended by Plaintiff's counsel by the reasonable hourly rate.  *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F.Supp. 1190, 1191 (S.D. Fla. 1991).  Plaintiff here bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates.  *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  Plaintiff's counsel must also supply detailed evidence of the hourly rates and time he expended so that this Court may properly assess the time claimed for each activity.  *See ACLU v. Barnes*, 168 F.3d at 427; *Norman v. Housing Auth. of Montgomery*, 836 F.2d at 1303.

   This Court must first determine whether the hourly rate is reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299.  With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience

concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. at 1303.  Citation to prior precedent showing reasonable rate adjudications may be used to demonstrate proof of prevailing market rates, as can affidavits of other attorneys or experts.  *Haugh v. Sec'y of the Dep't of Health & Human Services*, 1999 WL 525539 at *2 (Fed. Cl. 1999).

After determining the reasonableness of the hourly rate, this Court must next determine the reasonableness of the hours expended.  *Norman*, 836 F.2d at 1301. Plaintiff's counsel must use "billing judgment" and exclude unnecessary hours, "irrespective of the skill, reputation or experience of counsel.  *ACLU v. Barnes*, 168 F.3d at 427.  The reasonable hourly rate should already reflect the skill demonstrated by Plaintiff's counsel.  *Id*. at 1302; *Cuban Museum of Arts*, 771 F.Supp. at 1192.

A. <u>Hourly Rates</u>

Plaintiff seeks an hourly rate of $395.00 for Plaintiff's attorney, Sina Negahbani. In support of his request for an hourly rate of $395.00, Plaintiff's counsel relies on his experience in having been in practice for almost 17 years, and his representation that his normal hourly rate ranges from $395.00 to $450.00 (DE # 131-1, at para. 4).  Defendants respond that a more reasonable hourly rate for attorney Negahbani is $250.00 (DE # 141 at 1, para. 4)

A reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney.  *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984).

After reviewing Plaintiff's supporting documentation, the nature of this case, and based upon the Court's own knowledge and experience, the undersigned Magistrate Judge finds that an hourly rate of $300.00 is reasonable for attorney Negahbani.  In

4

support of this finding, the undersigned notes that in May 2007, the undersigned Magistrate Judge awarded attorney Negabhani an hourly rate of $275.00.  *See* DE ## 166, 167 in *Kovacs v. National Hebrew Glatt, Inc.*, Case No. 05-23125-CIV-PCH.  Based upon the presently prevailing rates in this community, and considering the rate of inflation plus the addition of three years of experience for attorney Negabhani since the last time that the undersigned considered an award of fees to him, the undersigned finds that a reasonable hourly rate is $300.00.

    2.  Reasonableness of Hours Billed

Plaintiff seeks reimbursement for 4.75 hours which attorney Negahbani asserts that he spent associated to his response to Defendants' motion to compel discovery (DE # 131-1 at 1, para. 2).  Defendants only object to the amount of time that Plaintiff spent conducting legal research of local and general rules of procedure (DE # 141 at 1, para. 5).  This request is contained within an entry of 2.50 hours on April 16, 2010 for reviewing the file, researching applicable local rules/rules of procedure, and beginning draft of Plaintiff's response to Defendants' motion to compel discovery (DE # 131-1 at 2).  Plaintiff has also listed an unopposed claim for 0.50 hours on April 19, 2010 to complete the response to Defendants' motion (DE # 131-1 at 2).

The undersigned has carefully reviewed Plaintiff's response to Defendants' motion to compel discovery, the time sheet submitted by Plaintiff's counsel, as well as the arguments of the parties.  Based upon this review, the undersigned finds that for an attorney with Negahbani's expertise, a reasonable amount of time to spend in researching and drafting Plaintiff's response to Defendants' motion to compel discovery is one hour.  Insofar as Defendants have not objected to any other entries on Plaintiff's attorney's time sheet, the undersigned finds that Plaintiff reasonably requested 2.75

hours.

Therefore, after a careful review of the record and for the aforesaid reasons, the undersigned Magistrate Judge does hereby

**ORDER AND ADJUDGE** that Plaintiff be awarded, pursuant to Rule 37(a)(5)(B), $825.00 for attorney's fees, representing 2.75 hours at an hourly rate of $300.00, jointly and severally against Defendants. On or before July 26, 2010, Defendants shall pay this award to Plaintiff.

**DONE AND ORDERED** in chambers in Miami, Florida, on July 13, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro,**
   **United States District Judge**
**All counsel of record**